UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANUEL TAMAYO TORRES, JR.,

   Plaintiff,

  v.

DR. R. MACK, et al.,

   Defendants.
_____/

No. C 08-2945 PJH (PR)

**ORDER OF PARTIAL DISMISSAL AND OF SERVICE**

Plaintiff, a prisoner at Salinas Valley State Prison ("SVSP") in Soledad, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that defendants, all SVSP employees, failed to provide him with adequate medical care.  Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Specifically, plaintiff alleges that Nurse V. Pajons refused to provide him medical treatment when he told her that he was coughing up blood; Dr. Mack told him that he would receive an MRI, but he never received it; and Nurse R. Howell told him that he did not like his "attitude" and then falsely told plaintiff that he would receive a lower bunk and made him wait three hours in a wheelchair after plaintiff had a heart attack and seizure.  These allegations, when liberally construed, state a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Plaintiff also names other individuals allegedly involved in his medical care as defendants, but their alleged conduct does not, even when liberally construed, amount to deliberate indifference.  Plaintiff alleges that he told defendant Nurse Burcon that he could

2

not bend over to walk due to the inflation causing him to push "gas and urine," but Nurse Burcon incorrectly stated on a medical report that plaintiff was having problems "taking a sit-down." There are no allegations that Nurse Burcon's alleged inaccuracy in the medical report was deliberately indifferent; at most, such allegations amount to negligence, which is not actionable under § 1983. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004). Plaintiff further alleges that Dr. Drue saw him at a check-up and wanted a blood sample for tests, and that Nurse "Kathrine" diagnosed him as having high cholesterol. Plaintiff does not allege any facts that could be liberally construed as indicating that there was anything wrong with seeking a blood sample for plaintiff's condition or diagnosing him as having high cholesterol, let alone that doing so was deliberately indifferent to his serious medical needs. Consequently, plaintiff's allegations do not state a cognizable claim for relief against Nurse Burcon, Nurse "Kathrine" or Dr. Drue, and the claims against them will be dismissed.

       Plaintiff alleges that upon his arrival at SVSP, defendant Partida refused his request to be classified as "white." Plaintiff explained that he is of Portuguese and Hawaiian descent, and defendant indicated that "Hispanic" includes individuals or Portuguese descent. According to plaintiff, she agreed to classify him as "other," but he wishes to be classified as "white." Plaintiff cites no authority, and the court is not aware of any, providing that the mis-classification of a prisoner's race or ethnicity, without more, violates any constitutional right or other provision of federal law. Accordingly, this claim will be dismissed.

       Additionally, plaintiff sets forth a lengthy narrative regarding an SVSP psychiatrist, Dr. Sahly who has allegedly treated plaintiff. To the extent it is intelligible, the narrative simply sets forth his ideas about Dr. Sahly's psychiatric problems, including her alleged "depression." As such, these allegations do not state a cognizable claim against Dr. Sahly. Finally, plaintiff names Mike Evans as a defendant, but he includes no allegations whatsoever against him. Accordingly, the claims against Dr. Sahly and Mike Evans will be dismissed.

3

**CONCLUSION**

1. The claims against Mike Evans, Dr. Drue, Dr. Sahly, Nurse Burcon, Nurse "Kathrine" and Counselor Partido are DISMISSED for failure to state a cognizable claim for relief. The claims against the remaining defendants, Nurse V. Pajons, Dr. R. Mack, and Nurse R. Howell, as described above, are cognizable when liberally construed.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendants: Nurse V. Pajons, Dr. R. Mack, and Nurse R. Howell. Plaintiff says they can be found at the Salinas Valley State Prison.

3. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

   If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

4

   c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

 4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

 5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

 6. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 14, 2009

               PHYLLIS J. HAMILTON
               United States District Judge

G:\PRO-SE\PJH\CR.08\TORRES2945.SRV.wpd